FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2015 JUN 26 AM 11: 28

U.S. DIST.
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

MARIE L. HENRY,

    Plaintiff,

v.                                        Case No:   6:15-cv-1009-Orl-41TBS

THE FLORIDA BAR, JOHN F.
HARKNESS, JAN WICHROSKI, JOAN
STALCUP, ADRIA QUINTELA,

    Defendants.
_____

## REPORT AND RECOMMENDATION

Plaintiff, a lawyer whose license to practice law in Florida has been suspended, brings this lawsuit against the Florida Bar and several of its officers and employees for their role in her suspension. Along with her complaint, she has filed a Motion for Leave to Proceed in Forma Pauperis and a Motion to Seal (Docs. 2, 3).

I respectfully recommend that Plaintiff's motion to proceed in forma pauperis be denied. Federal courts may allow an individual to proceed in forma paperis if that person declares in an affidavit that she "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). Plaintiff has $1,000 in a checking account and a 401(k) with a pre-tax value of $182,000. Thus, she has the financial ability to pay the filing fee. Although Plaintiff will be subjected to tax penalties if she withdraws money from her 401(k) that is not a good or sufficient reason to allow Plaintiff to proceed as if she was indigent.

Plaintiff is asking the Court to seal her complaint on the ground that it concerns the alleged "unlawful use of [a] child's confidential and exempt criminal records pursuant to

S-4

Florida Statutes §§§ 985.04(1) and 985.04(7)(a), 985.045(4)." (Doc. S-3, ¶ 3). Fla. Stat. § 985.04 provides for the confidentiality of information concerning the assessment and treatment of juvenile offenders. Fla. Stat. § 985.04 requires the court clerk to make and keep records of juvenile justice proceedings and states that those records are not open to inspection by the public. Plaintiff also relies upon 18 U.S.C. § 5038(a) and (e). This statute provides for the safeguarding of the records of juvenile delinquency proceedings. In particular, § 5038(e) states that "[u]nless a juvenile who is taken into custody is prosecuted as an adult neither the name nor picture of any juvenile shall be made public in connection with a juvenile delinquency proceeding."

Plaintiff argues that identifying herself as "Jane Doe" and using her child's initials will not protect her daughter because her daughter's name appears throughout juvenile justice records which concern and relate to Plaintiff's claims (Doc. S-3 at ¶ 4).

I respectfully recommend that Plaintiff's motion to file her complaint under seal be denied. This is not an action by the federal or state government against a child. This is a civil action brought by the mother of the child to vindicate the mother's rights (Doc. S-1).

"'The operations of the courts and the judicial conduct of judges are matters of utmost public concern,' and the integrity of the judiciary is maintained by the public's right of access to court proceedings." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (citing Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978)). Outside of the discovery context, where a lesser standard applies, "'there is a presumptive right of public access'" to court filings. Romero, 480 F.3d at 1246 (quoting Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 164 (3d Cir 1993)). To overcome this presumption, a party must show that disclosure will cause "a clearly defined and serious injury." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir.

1994). Even when a party makes this showing, the court must still consider whether less restrictive alternatives—such as redaction—will suffice to protect that interest. See Romero, 480 F.3d at 1246.

Plaintiff has not made the required showing to file her complaint under seal. While this action involves state juvenile court proceedings I am not persuaded that identifying the child by her initials pursuant to FED. R. CIV. P. 5.2(a) is insufficient to protect the child.

Accordingly, I respectfully recommend that the Court enter an order:

1. **Denying** Plaintiff's motions to proceed in forma pauperis and file her complaint under seal (Docs. S-2 and S-3); and

2. **Allowing** Plaintiff 21 days from the date of the Court's Order to (a) pay the filing fee and (b) submit a complaint for filing on the public docket with only those redactions authorized by FED. R. CIV. P. 5.2.

A party failing to file written objections to a magistrate judge's findings or recommendations within fourteen (14) days of issuance of the Report and Recommendation, waives the right to challenge on appeal the district court's order based on unobjected-to factual findings and legal conclusions.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on June 26, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

   Presiding United States District Judge
   Counsel of Record
   Unrepresented Parties