UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MARIE L. HENRY,**

**Plaintiff,**

v.                                                                    Case No:  **6:15-cv-1009-Orl-41TBS**

**THE FLORIDA BAR, JOHN F.
HARKNESS, JAN WICHROSKI, JOAN
STALCUP, ADRIA QUINTELA,**

**Defendants.**

_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Application to Proceed in District Court

Without Prepaying Fees or Costs ("Motion to Proceed *in Forma Pauperis*," Doc. S-2), which this

Court construes as a motion to proceed *in forma pauperis*, and on Plaintiff's Motion to Seal (Doc.

S-3). United States Magistrate Judge Thomas B. Smith submitted a Report and Recommendation

(the "R&R," Doc. S-4), which recommends that this Court deny both motions. Thereafter, Plaintiff

filed a Motion in Opposition to Report and Recommendation (Doc. S-6), which this Court

construes as objections to the R&R. After a *de novo* review,[1] the Motion to Proceed *in Forma

Pauperis* will be denied, and the Motion to Seal will be granted in part and denied in part.

Additionally, the Complaint (Doc. S-1) will be dismissed without prejudice.

### I.   MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff requests that she not be required to pay the filing fee. An individual may proceed

in federal court without paying the filing fee if the individual declares by affidavit that she "is

---

[1] The objected-to portions of the R&R are reviewed *de novo*. 28 U.S.C. § 636(b)(1); *see
also* Fed. R. Civ. P. 72(b)(3).

unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Here, Plaintiff avers

that she is currently unemployed and has a retirement account with a pre-tax value of $182,000.00.

(Mot. IFP at 2). While Plaintiff may be subject to taxes and penalties for early withdrawal,

Plaintiff's retirement account precludes a finding of indigency. In arguing that her retirement

account should not be considered, Plaintiff offers no authority, other than a passing reference to

bankruptcy-related protection, to support her contention; for that reason, Plaintiff's argument is

unconvincing. Plaintiff's Motion to Proceed *in Forma Pauperis* will be denied.

## II.    MOTION TO SEAL

Plaintiff requests that this entire case be sealed. Local Rule 1.09 addresses the technical

requirements in moving to seal. Specifically, Local Rule 1.09(b) addresses filing under seal, where

statutorily authorized. In contrast, Local Rule 1.09(a) instructs filing under seal, where not

statutorily authorized, and requires that the corresponding motion to seal include:

> (i) an identification and description of each item proposed for
> sealing; (ii) the reason that filing each item is necessary; (iii) the
> reason that sealing each item is necessary; (iv) the reason that a
> means other than sealing is unavailable or unsatisfactory to preserve
> the interest advanced by the movant in support of the seal; (v) a
> statement of the proposed duration of the seal; and (vi) a
> memorandum of legal authority supporting the seal.

Apart from those technical requirements, the Eleventh Circuit has held that "[t]he operations of

the courts and the judicial conduct of judges are matters of utmost public concern, and the

common-law right of access to judicial proceedings, an essential component of our system of

justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480

F.3d 1234, 1245 (11th Cir. 2007) (quotation omitted). "This right includes the right to inspect and

copy public records and documents" but "may be overcome by a showing of good cause." *Id.*

(quotation omitted). Good cause "requires balancing the asserted right of access against the other

party's interest in keeping the information confidential," which further requires consideration of a

number of factors: (1) "whether allowing access would impair court functions or harm legitimate privacy interests"; (2) "the degree of and likelihood of injury if made public"; (3) "the reliability of the information"; (4) "whether there will be an opportunity to respond to the information"; (5) "whether the information concerns public officials or public concerns"; and (6) "the availability of a less onerous alternative to sealing the documents." *Id.* at 1246 (quotation omitted).

The deficiencies with Plaintiff's Motion to Seal abound. At the outset, Plaintiff purports to proceed under Local Rule 1.09(b), which governs statutorily-authorized requests to seal, but offers no statute conferring such authority.[2] Thus, the Court will construe Plaintiff's Motion to Seal as proceeding under Local Rule 1.09(a). Furthermore, various deficiencies stem from the overbreadth of Plaintiff's request—that the entire case be sealed. Particularly, Plaintiff fails to identify and describe "*each item* proposed for sealing"; Plaintiff does not offer a reason that sealing "*each item* is necessary"; Plaintiff does not give a "reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the [Plaintiff] in support of the seal"; and Plaintiff does not include "a statement of the proposed duration of the seal." M.D. Fla. R. 1.09(a) (emphasis added). Moreover, Plaintiff fails to incorporate a "memorandum of legal authority supporting the seal," M.D. Fla. R. 1.09(a); *see also id.* 3.01(a), and specifically fails to address concerns regarding the "common-law right of access to judicial proceedings," *Romero*, 480 F.3d at 1245 (quotation omitted).

---

[2] The statutes cited by Plaintiff generally govern the confidentiality of juvenile criminal records; while the policy underlying those statutes may inform the decision to seal, neither explicitly authorizes the sealing of the present, federal civil case, as contemplated by the Local Rules.

As a result, Plaintiff's Motion to Seal will be denied in part without prejudice. In an abundance of caution, however, the Complaint will remain temporarily sealed so that Plaintiff may resolve the previously-noted deficiencies by way of an amended motion to seal.

### III.   SHOTGUN PLEADING

The Complaint is a shotgun pleading and will, therefore, be dismissed. "Complaints that violate either [Federal Rule of Civil Procedure] 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cty. Sherriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Federal district courts have "inherent authority to control [their] docket and ensure the prompt resolution of lawsuits, which in some circumstances includes the power to dismiss a complaint" as a "shotgun pleading." *Id.* The Eleventh Circuit has outlined "four rough types or categories of shotgun pleadings," one of which includes complaints that are "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321. Another category includes complaints that commit "the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1323. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

Here, the Complaint is fifty-nine pages long and contains various sections, including a fifty-two-paragraph section titled: "Factual Allegations and Legal Arguments." The Complaint further includes fifteen Counts, which run the gamut—from attempts to pursue damages under 42 U.S.C. § 1983; to a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; to various state law claims.

The content of the Complaint is exceptionally unorganized and replete with, from what the Court can decipher, immaterial allegations. To begin, Plaintiff advances legal arguments in the factual allegations section, which is not contemplated by Rule 8. *See* Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"). Indeed, Plaintiff's extensive and unnecessary discussion of case law severely inhibits an understanding of the underlying factual allegations. Another pervasive theme in the Complaint is that Plaintiff consistently discusses past events, including prior proceedings before the state court and Florida Bar, without providing any reasonable amount of detail as to their background; in that sense, Plaintiff seems to presume that the reader is already aware of the underlying facts. Such a deficiency is highlighted by the Complaint's lack of chronology, wherein past events are discussed in no particular order. Where, as here, the claims purport to rely on a number of prior proceedings, it is incumbent upon the pleading party to effectively organize the allegations, so as to tie the facts to the causes of action.[3] The Complaint in this case is anything but effectively organized; it amounts to a rambling amalgamation of relevant and irrelevant facts, interwoven with citations to case law, statutes, and rules. Proceeding with the Complaint as the operative pleading will continue to drain resources and forestall resolution of the merits.

In sum, the Complaint will be dismissed without prejudice as a shotgun pleading. In the event Plaintiff wishes to amend the Complaint, it is incumbent upon Plaintiff, when drafting the

---

[3] The content of the actual claims is no better. As one example, the title and initial discussion under Count Two seem to suggest a claim for First Amendment retaliation, but the claim then proceeds to extensively discuss purported due process violations, alleged misstatements in underlying state court proceedings, and purported ADA violations. Indeed, only one sentence in Count Two, which is seven paragraphs and almost three pages, touches on First Amendment retaliation. Furthermore, all but two of the fifteen claims name all Defendants. While the content of the remaining claims is too incomprehensible for analysis, it seems more than doubtful that thirteen of the fifteen claims are relevant to all Defendants.

Amended Complaint, to avoid irrelevant discussion and to effectively organize the factual allegations and claims, so as to avoid the inclusion of "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322.

## IV.   CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. S-2) is **DENIED.**

2. Plaintiff's Motion to Seal (Doc. S-3) is **GRANTED in part** and **DENIED in part.**

3. The Report and Recommendation (Doc. S-4) is **ADOPTED** and **CONFIRMED** to the extent provided above.

4. The Complaint (Doc. S-1) is **DISMISSED without prejudice.**

5. On or before **September 10, 2015**, Plaintiff shall pay the filing fee. Failure to do so may result in the closure of this case without further notice.

6. On or before **September 10, 2015**, Plaintiff may file an Amended Complaint in accordance with this Order. Failure to do so may result in the closure of this case without further notice.

7. On or before **September 10, 2015**, Plaintiff may file an amended motion to seal, which, in accordance with this Order, sufficiently addresses: (1) whether the original Complaint should remain sealed and (2) whether any forthcoming Amended Complaint should be sealed. Failure to sufficiently address the former may result in the unsealing of the original Complaint without further notice.

8. The Complaint will remain temporarily sealed pending further Order of the Court.

9. The Clerk is directed to file the documents at the following Docket Entries on the public docket: S-2; S-3; S-4; S-5; S-6.

**DONE** and **ORDERED** in Orlando, Florida on August 26, 2015.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party