UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARIE L. HENRY,

      Plaintiff,

v.                                            Case No:   6:15-cv-1009-Orl-41TBS

THE FLORIDA BAR, JOHN F.
HARKNESS, JR. , JOANN M. STALCUP,
ADRIA E. QUINTELA and JAN K.
WICHROWSKI,

      Defendants.

_____

## ORDER

      Plaintiff Marie L. Henry, a lawyer whose license to practice law in Florida has been

suspended, filed this action against the Florida Bar and several of its officers and

employees for their roles in her suspension.   The events giving rise to Plaintiff's claims

begin with the arrest of her juvenile daughter in Mt. Dora, Florida in 2009.   Plaintiff

alleges, *inter alia*, that her child's juvenile justice records were obtained illegally for use

against her during Florida Bar disciplinary proceedings.

      Plaintiff sought to seal these proceedings to protect her daughter's interest (Docs.

3, 8), but her request was denied (Doc. 11).   In denying Plaintiff's motion to seal, the

Court noted that it was "not persuaded that identifying Plaintiff's child by her initials

pursuant to FED. R. CIV. P. 5.2(a), and redacting the information protected by FLA. STAT. §

985.04 from any filings on the record is not sufficient to protect the child."   (Doc. 11, p. 5).

The Court also explained: "To the extent that any party wishes to use any government

records concerning the arrest and prosecution of Plaintiff's daughter, the same shall be in

a redacted format that complies with the confidentiality requirements of FLA. STAT. §

985.04, or a motion to seal the records should first be filed."   (Id.).

On February 11, 2016, the Court ordered the parties to comply with Local Rule

1.04(d) and file and serve a certification as to whether the instant action should be

designated as a similar or successive case pursuant to Local Rule 1.04(a) or (b) (Doc. 32,

p. 2).   The parties were provided with a form titled "Notice of Pendency of Other Actions,"

in which they were required to certify that this action is or is not related to pending or

closed civil or criminal case(s) previously filed in this Court, or any other Federal or State

court, or administrative agency (Id. at p. 3).   This matter is now before the Court on

Plaintiff's Motion to Seal Attachment "A" to Notice of Pendency of Other Actions (Doc.

35).   Plaintiff seeks to seal the document because it "contains actual case numbers

involving Plaintiff's juvenile child."   (Id. at p. 2).   Plaintiff acknowledges that "no actual

juvenile records are attached to the Notice of Pendency of Other Actions or its

Attachment," but she argues "[t]hese cases are not public records and are not available

on-line based on Statute and Court Rule."   (Id. at p. 3).

"'The operations of the courts and the judicial conduct of judges are matters of

utmost public concern,'" Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir.

2007) (quoting Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978)), "and

'[t]he common-law right of access to judicial proceedings, an essential component of our

system of justice, is instrumental in securing the integrity of the process.'"   Id. (quoting

Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir.

2001)).   "Beyond establishing a general presumption that criminal and civil actions

should be conducted publicly, the common-law right of access includes the right to

inspect and copy public records and documents."   Chicago Tribune Co., 263 F.3d at

1311 (citing <u>Nixon v. Warner Commc'ns Inc.</u>, 435 U.S. 589, 597 (1978)).   "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'"   <u>Romero</u>, 480 F.3d at 1246 (quoting <u>Chicago Tribune Co.</u>, 263 F.3d at 1309.   In balancing these interests,

> courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

<u>Id</u>.

Plaintiff has failed to establish good cause to file "Attachment A" to the Notice of Pendency of Other Actions under seal.   Attachment A contains the numbers of cases in which Plaintiff's child is or was a party.   The case numbers do not identify the child by name, nor are they government records concerning the arrest and prosecution of Plaintiff's daughter.   Since the cases are not publically available, identifying them by number will not result in the identification of Plaintiff's child, cause the release of juvenile justice records, impair any privacy interest, or cause an injury to Plaintiff or her child.

For the reasons stated, Plaintiff's Motion to Seal Attachment "A" to Notice of Pendency of Other Actions (Doc. 35) is **DENIED**.   The Clerk is **DIRECTED** to unseal Plaintiff's motion and its attachments.

**DONE** and **ORDERED** in Orlando, Florida on February 24, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

      Counsel of Record
      Unrepresented Parties